UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reginald B. Long, | Case No. 23-cv-3692 (KMM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| D.O.C.-Department of Corrections-MN; et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Plaintiff initiated this action by mailing his Complaint, [Docket No. 1], to the Clerk of Court's office. Upon receiving his Complaint, the Clerk of Court's office initiated this action and attempted to mail correspondence to Plaintiff indicating that his Complaint had been filed. But those mailings were returned as undeliverable.

Plaintiff's Complaint contained some of the allegations upon which he wished to base this action. However, his Complaint indicated that he wished to amend his Complaint to allege additional facts.

On December 20, 2023, this Court granted leave for Mr. Long to file an amended complaint. (See Order [Docket No. 3]). Mr. Long did not respond to that Order; in fact, Mr. Long had not communicated with the Court at all after filing this action.

After receiving no response to its December 20, 2023, Order, the Court, on February 9, 2024, directed Mr. Long to provide updated contact information within thirty days of that Order's

date. (Order [Docket No. 4]).[1] The Court forewarned Plaintiff that if he failed to comply with the Court's directive in the time permitted, it would be recommended that this action be dismissed without prejudice for failure to prosecute. (Id.).

That deadline has now passed, and Plaintiff has not provided the Court with any method through which he can be contacted. Moreover, Plaintiff has not communicated with the Court about this case at all in the nearly three months that have passed since he commenced this action. It does not appear that Plaintiff intends to prosecute this litigation at this time. Accordingly, this Court now recommends, in accordance with its prior Order, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: March 13, 2024                             s/Leo I. Brisbois
                                                  Hon. Leo I. Brisbois
                                                  United States Magistrate Judge

---

[1] Because Plaintiff failed to provide the Court with his current contact information, copies of the Court's December 20, 2023, Order, and its February 9, 2024, Order were not mailed to Plaintiff. This does not alter this Court's recommendation. It is Plaintiff's obligation to keep this Court apprised of his updated contact information so that he may receive correspondence from the Court. See, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation adopted 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 Fed. App'x 678 (8th Cir. 2021); Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021).

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).