UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reginald B. Long, | No. 23-cv-3692 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| D.O.C. – Department of Corrections – MN, et al., | |
| Defendants. | |

Reginald B. Long filed this action against several government officials on November 30, 2023. In his Complaint, Mr. Long indicated that he intended to amend his claims. On December 20, 2023, United States Magistrate Judge Leo I. Brisbois issued an Order observing that the Court was required to review Long's Complaint pursuant to 28 U.S.C. § 1915A, but that Judge Brisbois would refrain from doing so for thirty days to give Long a chance to file an amended complaint. Mr. Long did not file an amended complaint within thirty days of the December 20th Order, and on February 9, 2024, Judge Brisbois issued an Order explaining that although Long was incarcerated at the Ramsey County Correctional Facility when he commenced this action, he was no longer there and had failed to provide the Court with any means of contacting him. Judge Brisbois further observed that Long could not, as a practical matter, prosecute this action unless he provided the Court with updated contact information and required him to do so within thirty days of the February 9th Order. Judge Brisbois warned that failure to provide updated contact

1

information would lead to a recommendation that this matter be dismissed without prejudice for failure to prosecute.

Mr. Long failed to respond to the February 9th Order, and on March 13, 2024, Judge Brisbois issued a Report and Recommendation ("R&R") recommending that this action be dismissed for failure to prosecute based on the procedural history described above. R&R (Doc. 5). Importantly, Judge Brisbois explained the Court's December 20th and February 9th Orders were not mailed to Mr. Long because he had provided no address where the Court could reach him after previous mail from the Court had been returned undeliverable. R&R at 2 n.1. Judge Brisbois found that this did not change the conclusion that Mr. Long has failed to prosecute this action because it was Long's obligation to keep the Court informed of his current contact information so that he could receive correspondence from the Court. *Id.* (citing *Heiderscheid v. Dakota Cnty. Sheriff Off.*, No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), *report and recommendation adopted* 2020 WL 5106816 (D. Minn. Aug. 31, 2020), *aff'd,* 848 F. App'x 678 (8th Cir. 2021); *Aery v. Nohre*, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 3409328 (D. Minn. Aug. 4, 2021)). Because Mr. Long failed to comply with the deadline in the February 9th Order, failed to provide a means for the Court to send him correspondence, and appeared not to intend to prosecute the action, Judge Brisbois recommended this case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 2.

Because there have been no objections to the R&R, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the R&R and the record in this proceeding, the Court agrees with Judge Brisbois' conclusion that this matter should be dismissed without prejudice.

Accordingly, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. 5) is **ACCEPTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Date: May 7, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Judge